IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dominique Bastos, | : | |
| Plaintiff, | : | Civil Action 2:10-cv-946 |
| v. | : | Judge Sargus |
| Kelowna Flightcraft Ltd *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

| | | |
|---|---|---|
| Karen Gardiner, individually and as the personal representative of the Estate of Sean Gardiner, deceased | : : | Civil Action 2:10-cv-00947 |
| Plaintiff | : | Judge Sargus |
| v. | : | Magistrate Judge Abel |
| Kelowna Flightcraft Ltd., | : | |
| Defendant | : | |

## PRELIMINARY PRETRIAL ORDER

A preliminary pretrial was held January 13, 2011. Counsel for all parties appeared.

## Rule 26(a)(1) disclosures.

The parties will make their Rule 26(a)(1) disclosures on or before **January 31, 2011.**

## Jurisdiction and venue.

Venue is proper in the Southern District of Ohio, Eastern Division. These cases were

removed from the Courts of Common Pleas for Franklin and Pickaway Counties, Ohio. Jurisdiction is alleged under 28 U.S.C. § 1332(a)(1). Plaintiffs contest subject matter jurisdiction, arguing there is not complete diversity of citizenship. They have filed motions to remand. Defendants have filed motions to dismiss alleging insufficiency of service of process and arguing that the complaints fail to state claims for relief for strict liability.

**Amendments to pleadings.**

Plaintiff Gardiner will file a stipulation/motion for leave to amend the complaint on or before **March 1, 2011.** Kelowna will take discovery to determine whether to add any prior certificate holder as a third-party defendant. Any further stipulation/motion for leave to amend the pleadings and/or add parties must be filed on or before **April 1, 2011.**

**Allegations in the pleadings.**

These are wrongful death actions. The complaints make the following allegations. Urs Anderegg and Sean Gardiner were killed when a Convair 580 aircraft certificated to Kelowna Flightcraft, Ltd and/or Kelowna Flightcraft, R & D, crashed September 1, 2008 near Rickenbacker Airport. The crash occurred because following maintenance work the aircraft's elevator trim cables had been improperly re-installed in a reversed position. Immediately after takeoff, the pilots attempted to raise the nose of the plane by applying the nose-up trip. Because the elevator trim system was reversed, the nose went down.

The complaint allege that the owner of the aircraft, Air Tahoma, relied on Kelowna for advice about how to properly effect repairs. It furnished Air Tahoma with instructions

for Continued Airworthiness, task cards and manuals for maintenance and repair. Kelowna breached its duty to furnish reliable instructions by negligently failing to exercise reasonable care in providing Air Tahoma with necessary safety and maintenance information. Specifically, Kelowna was on notice from the Transportation Safety Board of Canada about the necessity for redesign of the elevator trim cables to avoid their being reversed.

**Experts' disclosures[1].**

Any expert who may give evidence supporting a party's claims or defenses must make his or her Rule 26(a)(2) disclosures no later than **September 1, 2011.** Any responsive experts' Rule 26(a)(2) disclosures must be made no later than **October 3, 2011.**

**Rule 26(e)(2) supplementation.**

Under the provisions of Rule 26(e)(2), Fed. R. Civ. P., the parties are under a duty "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing." The parties are **directed** to review their responses to written discovery on or before **September**

---

[1] Ordinarily plaintiff's experts make their Rule 26(a)(2) disclosures, then defendant's experts respond with their disclosures. But when a plaintiff truly intends to offer no expert testimony supporting his or her claims (but the defendant chooses to offer expert testimony on them) or a defendant intends to support a defense with expert testimony, then the defendant's experts must make their disclosures by the first deadline. Rebuttal experts are strictly limited to rebutting unanticipated opinions expressed by a responsive expert.

3

**21, 2011** and promptly make any supplemental disclosures required by Rule 26(e)(2).

### Discovery and case-dispositive motions deadlines.

All discovery must be completed by **November 4, 2011**. Case-dispositive motions must be filed on or before **November 4, 2011**.

### Rule 26(a)(3) disclosures.

The parties must make and file with the Court the disclosures required by Rule 26(a)(3)(A), Fed. R. Civ. P., no later than **30 days prior to the date noticed for the final pre-trial conference**. Rule 26(a)(3)(B), Fed. R. Civ. P. Alternatively, by agreement the parties may chose to make their Rule 26(a)(3) disclosures in the final pretrial order.

### Settlement.

Plaintiff Bastos has made a settlement demand. Plaintiff Gardiner settled with Air Tahoma last week. She will soon make a settlement demand. Kelowna will respond to both demands. The parties will participate in the **December 2011 Settlement Week**. If any party later concludes that mediation then would not assist the parties, that party should contact opposing counsel and call my office (614-719-3370) no later than **October 21, 2011** to set up a telephone conference with all counsel to ask the Court not to notice this case for mediation then. Counsel should also be prepared to discuss the status of discovery and whether the mediation should be rescheduled to a later date.

If the parties do not want to participate in a Settlement Week mediation, counsel may contact the Court's mediator Bob Kaiser through the Mediation Administrator Teresa

Mack (513.564.7330 or teresa_mack@ca6.uscourts.gov) to schedule a mediation. Information about Mr. Kaiser as well as information about how he conducts mediations and his rules and requirements for mediation are available at

http://www.ohsd.uscourts.gov/mediation.html.

                                            s/Mark R. Abel
                                            United States Magistrate Judge