IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Karen Gardiner, | : | |
| Plaintiff | : | Civil Action 2:10-cv-947 |
| v. | : | Judge Sargus |
| Kelowna Flightcraft, Ltd., | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This action arises out of a September 1, 2008 plane crash involving a Convair FV-580 airplane owned and operated by nonparty Air Tahoma, Inc. ("Air Tahoma"). Defendant Kelowna Flightcraft, Ltd. ("Kelowna") is the Type Certificate Holder for this airplane. Plaintiff previously brought suit against Air Tahoma, which had performed the incorrect maintenance that caused the crash, and entered into an out-of-court settlement.

Now before the Court is Kelowna's motion pursuant to Fed. R. Civ. P. 37 to compel Plaintiff to produce the confidential settlement agreement that she entered into with Air Tahoma. (Doc. 42.) Kelowna argues that the settlement agreement, and the settlement amount, are relevant to the question of damages in this case. If the finder of fact should ultimately determine that Kelowna is liable for the accident, Kelowna may be entitled under Ohio Revised Code §2307.28 to a damages

1

setoff based upon Plaintiff's earlier recovery from Air Tacoma. It also argues that it is entitled to disclosure of the settlement agreement to determine whether there has been collusion between the settling parties (*i.e.*, whether the settlement is a *Mary Carter* agreement), which may be relevant to the potential bias or prejudice of witnesses at trial.

Plaintiff rejoins that the amount and nature of the settlement is relevant only to the ultimate determination of damages in the event that a jury enters a verdict against Kelowna, and that it is irrelevant to the *claims* Plaintiff has brought. She invites the Court to examine the settlement agreement *in camera* to determine for itself whether the agreement contains any collusive provisions. Plaintiff also states that she must respect her contractual obligation with Air Tahoma to maintain the confidentiality of the settlement.

In the first place, Plaintiff's argument that she is contractually bound to keep the settlement agreement confidential is not well taken. Plaintiff has not shown, or even argued, that any recognizable privilege exists to cover the settlement agreement, and contract cannot of itself create privilege. "Simply put, litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality." *Oberthaler v. Ameristep Corp.*, 2010 WL 1506908 at *1 (N.D. Ohio Apr. 13, 2010). Parties can of course move for the entry of protective orders to safeguard sensitive information, but application of a general principle that confidential documents cannot be had in discovery would permit litigants to create privilege at their whim.

2

Furthermore, the Sixth Circuit Court of Appeals has recognized that settlement agreements are not covered by the privilege applied to settlement negotiations. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003), citing *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 71507 at *6 (S.D.N.Y. Feb. 20, 1996). *See also Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F.Supp.2d 623, 629 (N.D. Ohio 2004) (existence of the settlement and/or its terms generally not privileged), citing *Goodyear, supra.*

However, as one court applying *Goodyear* recognized:

> It goes without saying, however, that a party seeking the discovery still has the burden of proving that any settlement agreement sought must contain information relevant to the claim or defense of any party and must be either admissible at trial, or reasonably calculated to lead to the discovery of admissible evidence.

*Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 WL 1959168 at *3 fn 1 (W.D. Ky. June 29, 2007).[1] In *Thomas & Marker Const. Co. v. Wal-Mart Stores, Inc.*, 2008 WL 3200642 (S.D. Ohio August 6, 2008), this court addressed a matter in which a construction firm had been hired by a retailer to construct a store. When it was discovered that extensive rock excavation would be required, the construction firm sued the retailer for various claims, including failing to pay for project alterations, and sued a subcontractor for failing to complete certain related work. Following the close of discovery, the construction firm entered into a settlement agreement with

---

[1] It is worthy of note that the courts in both *Westlake Vinyls* and *Grupo Condumex* expressed misgivings with the propriety of the *Goodyear* rule as having failed to apply the controlling state's law of privilege in a diversity case, but maintained that they were bound by governing Sixth Circuit precedent.

the subcontractor. The retailer sought to compel the production of the agreement, on grounds that its terms might be relevant to the damages at issue and to the credibility of witnesses at trial, and that it might be a discoverable *Mary Carter* agreement. The construction firm rejoined that the agreement was not relevant to any of the retailer's counterclaims or defenses, and invited the Court to inspect the agreement *in camera* to determine whether it was a *Mary Carter* agreement. The Court declined to conduct an *in camera* inspection of a document for which no privilege was claimed, and, applying the principle that relevance is to be broadly construed when applying the discovery rule, found that the agreement may be relevant to the retailer's claims and defenses, to the credibility of witnesses at trial, and to the question of whether the parties had entered into a *Mary Carter* agreement. *Id.* at *3, citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Plaintiff has likewise here requested an *in camera* review of the settlement agreement, conceding that potential witness bias could be relevant:

> To shorten this response, Plaintiff will acknowledge that the various other bases that Kelowna lists as potential grounds for the relevance of the settlement agreement – collusion, witness bias, a Mary Carter agreement – would be valid reasons to require production of the document, *if they existed in it*. Of course, Plaintiff does not fault Kelowna for speculating about the contents of a document it has not seen, but notably, Kelowna cites nothing other than its speculation as a basis for these potential grounds of relevance.

(Doc. 48 at 12, emphasis in original.) The Court will apply the same principles here as it did in *Thomas & Marker Const Co.* It will not conduct the *in camera* review Plaintiff requests. Despite Plaintiff's insistence that the contract is not lengthy and

4

would take little time for the Court to review, she asks that the Court make a determination as to the practical and legal effect of the agreement (as opposed to whether it is covered by some sort of privilege).  The Court will not construe or interpret a document without affording Kelowna its say.  Instead, in keeping with the principles of our adversarial legal system, it will compel the disclosure of the document and permit the parties to dispute its meaning and significance.[2]

Accordingly, the motion to compel (Doc. 42) is **GRANTED**.  However, the Court is mindful of the wishes of Plaintiff (and of Air Tahoma) that the settlement agreement remain confidential.  The parties are **ORDERED** to, within ten (10) days of the date of entry of this order, prepare and submit to my chambers a draft protective order which will address the means by which the settlement agreement is to be kept confidential in this proceeding (or, if the parties cannot agree, their own separate drafts).  Such protective order may, if the parties wish, cover documents other than the settlement agreement.  Upon the Court's entry of such protective order, Plaintiff is **ORDERED** to produce the settlement agreement she reached with Air Tahoma.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.

---

[2] The Court is also unpersuaded by Plaintiff's insistence that the relevancy of the settlement amount to an offset for damages is contingent upon the eventual entry of a verdict.  The cases Plaintiff cites originate from the federal district courts of another circuit, and must necessarily be affected by the absence of the jurisprudence of district courts guided here by *Goodyear*.  The Court will follow *Oberthaler* and *Thomas & Marker Const Co.* in finding the settlement agreement, including the settlement amount stated, relevant at this stage of the proceeding.

and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge