IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Karen Gardiner,                          :

              Plaintiff           :          Civil Action 2:10-cv-947

   v.                                     :          Judge Sargus

Kelowna Flightcraft, Ltd.,               :          Magistrate Judge Abel

             Defendant           :

**DISCOVERY ORDER**

This action arises out of a September 1, 2008 plane crash involving an Allison Convair FV-580 airplane owned and operated by nonparty Air Tahoma, Inc. ("Air Tahoma"). Defendant Kelowna Flightcraft, Ltd. ("Kelowna") is the Type Certificate Holder for this airplane, and sells the maintenance manual for it. Plaintiff previously sued Kelowna and Air Tahoma in state court in Florida (the "Florida action"); she settled out of court with Air Tahoma, and the trial court dismissed Kelowna for lack of personal jurisdiction. In the Florida action, Plaintiff retained two aviation experts, Donald Sommer ("Sommer") and Rodney Doss ("Doss"). Sommer produced a report, which apparently opined, *inter alia*, that the Allison Convair maintenance manual contained vague and ambiguous instructions. Doss

1

produced a report concerning regulatory compliance.[1]  After Kelowna's dismissal from the Florida Action, Air Tahoma took Sommer's deposition, at which he gave testimony concerning his opinion that the maintenance manual contained vague and ambiguous instructions.

In this proceeding, Kelowna has propounded the following interrogatories:

[2-][2]  1. State with specificity the section(s), page(s), instruction(s) and diagram(s) with respect to the Allison Convair CV-580 maintenance manual which Plaintiff alleges did not properly and safely ensure that the subject aircraft's design and maintenance were performed in an airworthy manner without defects in whole or in part.

[2-]  2. State with specificity the section(s), page(s), instruction(s) and diagram(s) with respect to the Allison Convair CV-580 maintenance manual and/or design instructions which Plaintiff alleges Kelowna should have updated as required for continued airworthiness regarding safety and maintenance related information, specifically with request to the risk of reverse-rigging of the elevator trim cables.

[2-]  3. State with specificity the section(s), page(s), instruction(s) and diagram(s) with respect to the Allison Convair CV-580 maintenance manual which Donald E. Sommer opined are vague and ambiguous and which do not provide an adequate warning of the danger of reverse-rigging of the elevator trim cables and stated on page 20 of his October 12, 2010 deposition.

In addition, Kelowna has made the following requests for production of documents:

[2-] 6. All documents and items listed in the "Items Reviewed" Appendix (numbered 1-4, 8-16 & 18-19) to the Report of Findings dated August 30, 2010 reviewed by Donald E. Sommer,

---

[1]  The Sommer and Doss expert reports are not in evidence in this proceeding, although the parties do not appear to dispute their general natures.

[2]  From Kelowna's Second Set of Interrogatories.

2

P.E. in order to prepare the report and formulate his opinion.  A copy of the Appendix is attached hereto and marked as Exhibit "A."

[2-] 7. A copy of the specific pages of the Allison Convair maintenance manual Donald E. Sommer claims is vague and ambiguous as stated in opinion no. 7 of the Report of Findings and Mr. Sommer's October 15, 2010 deposition, page 20, lines 9-20. Copies of the relevant portions of Mr. Sommer's report and deposition are attached hereto and marked as composite Exhibit "B."

[3-] 6. A copy of the FAA AC43.13-1A regulatory document discussing cautions about cross control cable possibilities as referenced by Rodney Doss in his October 22, 2010 deposition, pg. 36, ln. 1-4.

[3-] 8. All documents reviewed, referenced and considered by Rodney Doss in formulating his opinion in his expert report and in his depositions of October 22, 2010 and November 23, 2010.

(Docs. 44-1; 44-2; 44-3.)  Plaintiff generally objected to these discovery requests on grounds that they sought premature expert testimony.  She also later sent supplemental responses, which the parties appear to agree satisfied Request No. 3-6.[3]  Now before the Court is Kelowna's motion to compel better answers to its interrogatories and the production of responsive documents.  (Doc. 44.)

<u>**Interrogatories Nos. 2-1, 2-2, 2-3, and Request No. 2-7.**</u>

Plaintiff's complaint in this action alleges that Kelowna failed to properly update the maintenance manual for the Convair aircraft following a similar

---

[3] Kelowna argued, in its reply memorandum, that Plaintiff had also failed to properly respond to its Request No. 2-1, which asked Plaintiff to identify and produce a copy of the maintenance manual Air Tahoma had been using at the time of the accident.  However, as Kelowna did not refer to Request No. 2-1 in its motion to compel (*see* Doc. 44 at 5-6), the Court will not address it in this analysis.

incident in 1997, and that the crash occurred after Air Tahoma maintenance personnel attempted to follow certain directions in the manual and did so improperly.  It sets forth causes of action for negligence and strict liability, relating, at least in part, to an allegedly defective maintenance manual.

These interrogatories, Kelowna states, "simply ask Plaintiff to state with specificity which pages of the maintenance manual Plaintiff alleges are defective". (Doc. 44 at 4.)  It argues that, without Plaintiff's specific identification of the alleged defects upon which her claims are based, it cannot present a defense.  "With only vague allegations that the maintenance manual is somehow defective, Kelowna is forced to speculate as to which section or pages of the maintenance manual allegedly were defective." (*Id.* at 9.)  Plaintiff argues that, in asking it to provide a response based upon Sommer's opinion, Kelowna is essentially demanding that it make a premature expert opinion disclosure.  Kelowna rejoins that it is not asking for information concerning experts in *this* proceeding, but rather information which was produced by experts in another and which is now within Plaintiff's personal knowledge.

Fed. R. Civ. P. 33(a), which provides for the service of interrogatories, provides that an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)", and that an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact".  Nevertheless, a party cannot be compelled to disclose information that it does not know.

4

Kelowna is entitled to an answer to Interrogatories Nos. 2-1 and 2-2.  While Plaintiff has complained obliquely that Kelowna never moved for a more definite statement, or that it "is well aware" of her allegations, liberal notice pleading standards are a tool for avoiding technical formality in pleading, not for concealing from a defendant the nature of the suit against it.  Plaintiff has alleged that Kelowna is liable for producing a defective maintenance manual, and she must give Kelowna a definitive answer as to what Plaintiff claims those defects are.  However, she has given the following supplemental response:

> Notwithstanding and without waiving this objection, without seeking further input from her aviation expert(s), Plaintiff, through her counsel, can state that the diagram on Fig. 8.2.108 of Section 8 of the Allison Convair CV-580 Maintenance Manual is ambiguous concerning whether the elevator trim cables cross, and that Section 8 of that manual contains no warnings about the risk of crossed cables. Plaintiff reserves the right to amend this answer after consultation with her aviation expert(s) within the schedule set by the Preliminary Pre-Trial Order.

(Doc. 56-4 at 4.)  The Court finds this response satisfactory, provided that Plaintiff timely supplements her answer as required by Fed. R. Civ. P. 26(e).

However, Kelowna's Interrogatory No. 2-3 is of a different nature.  It is, in the first place, somewhat confusingly phrased.  By "which Donald E. Sommer opined are vague and ambiguous... and stated on page 20 of his October 12, 2010 deposition", Kelowna apparently meant that Plaintiff was to state the sections of the maintenance manual to which Sommer was referring in his response on that

page.[4]  This is, on its face, a request for Kelowna to explain or interpret what Sommer meant.[5]

Plaintiff has objected to this request on grounds that she is not obligated to make any disclosures concerning her experts and their opinions until the expert disclosure deadline set in the preliminary pretrial order.  In the alternative, she would have to contact Sommer to obtain his answer to this question, incurring the expense of obtaining his opinion.  Kelowna asserts, in response, that it is not seeking information from Sommer, but rather from Plaintiff herself.  "Contrary to this assertion, Mr. Sommer would not have to be contacted to provide information because, after the completion of Sommer's report, it is now within Plaintiff's personal knowledge."  (Doc. 56 at 16.)

---

[4]  Sommer testified at deposition:

Q.  When you say in opinion number seven, "The maintenance instructions for this aircraft are vague and ambiguous," you were referring to which specific instructions?

A.  Most of the instructions to tell you how to connect the trim are contained in the maintenance manual under 8.2.108, which are instructions on how to rig the trim tab controls, and I find portions of those to be overly complicated and probably not deal with some issues that they should deal with like the ones I explained earlier in regard to the warnings and the fact that this system can be connected backwards."

(Doc. 44-2 at 12. [Deposition p. 20])

[5]  Kelowna confirms in its reply memorandum that it "asks Plaintiff to specifically identify [parts of the manual]... that were allegedly vague and ambiguous as expressed by Plaintiff's former expert Donald E. Sommer in deposition."  (Doc. 56 at 3.)

6

Under the Federal Rules of Civil Procedure, interrogatories are directed towards "any other party".  Fed. R. Civ. P. 33(a)(1).  Sommer was an expert witness in a different proceeding, who produced a report and who was deposed by counsel during that proceeding.  The statements Sommer made in his report and deposition speak for themselves.  To the extent that Sommer gave opinions which identified portions of the maintenance manual he thought "vague and ambiguous", those opinions can be found in the report and in the portion of the deposition transcript cited by Kelowna in its interrogatory.[6]  Plaintiff cannot be asked to answer "fully in writing under oath" what it was that another person meant by his testimony, and Sommer's opinion is, by definition, not part of Plaintiff's personal knowledge. Kelowna is free to subpoena Sommer for deposition if it wishes to ask him about the testimony he offered in a different proceeding.  Its motion to compel on these grounds, however, is not well taken.  The Court will not overrule Plaintiff's objections to Interrogatories No. 2-3, and, for the same reasons, will not overrule Plaintiff's objections to Request for Production of Documents No. 2-7.

### Requests for Production of Documents Nos. 2-6, 3-8.

These two requests are similar; Request No. 2-6 seeks all materials listed in

---

[6]  Plaintiff states: "The irony of these requests is that Kelowna is seeking discovery from the Florida action which it could well have taken itself had it not decided to battle Plaintiff on personal jurisdiction in that forum.  Kelowna complains that did not attend the depositions in question.  But that lack of access was the product of Kelowna's own choice to escape the Florida forum in favor of litigating this case here."  (Doc. 51 at 7-8, citations omitted.)  The Court will not entertain Plaintiff's apparent suggestion that Kelowna should be penalized for having failed to voluntarily subject itself to the jurisdiction of the Florida courts.

the "Items Reviewed" appendix to Sommer's report in the Florida action, and Request No. 3-8 seeks all documents reviewed, referenced, and considered by Doss in producing his expert report and preparing deposition testimony in that action. Plaintiff objects to these requests on grounds that the documents in question are not in her possession, as, except to the extent that such materials were produced as exhibits in that action, Doss and Sommer retained their own files. Plaintiff also objects on grounds that Kelowna's requests amount to premature expert discovery. Kelowna rebuts that several courts have held that discovery from one proceeding can be used in another, and that to do so eliminates waste and delay.

Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may request documents of another so long as the materials are in the "possession, custody, or control of the party upon whom the request is served." As the language of the rule implies, actual possession is not the standard; instead, simply having the "legal right to obtain the documents on demand" is enough to constitute control. *In re Bankers Trust Co.*, 61 F.3d 495, 469 (6th Cir. 1995), citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992). *See also Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D.Conn. 1989)(the word 'control' to be broadly construed to include documents a party is able to obtain upon demand).

The Court finds that Kelowna's requests are not barred as premature expert witness discovery, because they seek a discrete body of documents examined in connection with the past development of an already-extant report. With respect to Sommer, as Kelowna has presented its request as one for the specific documents

cited in the expert reports, it would not require Plaintiff to seek Sommer's opinion. Accordingly, the Court will order Plaintiff to produce all documents and items listed in the "Items Reviewed" appendix to Sommer's report. This appendix, as Sommer drafted it, is somewhat vaguely phrased, and it is difficult to estimate how much material it comprises.[7] *See* Doc. 44-2 at 10. Plaintiff, after ascertaining what materials are included on this list, may move for a protective order on grounds that production of some or all of the categories would be unduly burdensome or expensive.

Kelowna, in its reply memorandum, implies that what it sought in Request No. 3-8 was likewise the materials in Doss' expert report "items reviewed" list. "At the end of their reports, both experts provided a list of the materials they reviewed to formulate their opinions. Plaintiff would incur little to no expense in contacting her experts and requesting that they provide copies of the specific documents set forth in their respective lists." (Doc. 56 at 17.) The request also refers to materials considered by Doss "in his depositions", however. As drafted, it is overbroad and actually would require Plaintiff to consult Doss and ask him to recall, if it is possible for him to do so, what documents he might have based deposition testimony upon. The Court will limit this portion of the request to requiring Plaintiff to, if she has not done so already, produce all exhibits from the October 22, 2010 and November 23, 2010 Doss depositions. Beyond this, however, the Court will likewise

---

[7] The vague phrasing, however, does not require Plaintiff to request from Sommer an *expert opinion* as to what they were.

order Plaintiff to produce all documents cited by Doss in his expert report.  As the list of materials considered from Doss' report does not appear to be in evidence, Plaintiff may also move for a protective order if a literal interpretation of this request would be unduly burdensome due to the volume of responsive material.[8]

Conclusions.

For the foregoing reason, the Court **GRANTS** Kelowna's motion to compel (Doc. 44) **IN PART**.  Plaintiff is hereby **ORDERED** to produce the materials cited by Donald E. Sommer as items reviewed in the expert report he produced in *Gardiner v. Air Tahoma, Inc.*, Case No.: CACE 09-048068 (19), the Florida Action.  She is hereby **ORDERED** to produce the materials cited by Rodney Doss as items reviewed in the expert report he produced in *Gardiner v. Air Tahoma, Inc.*  She is further **ORDERED** to produce the deposition exhibits from the October 22, 2010 and November 23, 2010 depositions of Rodney Doss in *Gardiner v. Air Tahoma*.  This order is without prejudice to Plaintiff moving for a protective order pursuant to Fed. R. Civ. P. 26(c)(1).

The Court does not find that Plaintiff's initial response was substantially unjustified, or that either her subsequent response or other circumstances warrant an award of expenses.  Fed. R. Civ. P. 37(a)(5)(A)(ii).  Consequently, Plaintiff's motion for leave to file a sur-reply addressing sanctions (Doc. 58) is **DENIED AS**

---

[8] The Court notes that in granting Kelowna's motion to compel, it is compelling production from Plaintiff, to the extent that she has the right to demand such documents from Sommer and Doss, not from Sommer and Doss themselves. Neither has been served with a subpoena *duces tecum*. Fed. R. Civ. P. 34(c).

**MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge